**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BRENDA DUARTE, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 17-cv-06226 |
| v. | ) | |
| | ) | |
| | ) | |
| FIFTH THIRD BANK, N.A., and THE | ) | |
| ROTH MORGAN FIRM CORP., | ) | |
| | ) | |
| DEFENDANTS. | ) | <u>Jury Demanded</u> |

## <u>COMPLAINT</u>

Plaintiff Brenda Duarte brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692*, et seq.* ("FDCPA"), Bankruptcy Discharge Injunction pursuant to 11 U.S.C. § 524 ("Discharge Injunction"), Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1 *et seq.*, ("ICFA") and the Illinois Collection Agency Act, 225 ILCS 425, *et seq.* ("ICAA"), and alleges:

## <u>JURISDICTION AND VENUE</u>

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331, and pursuant to 28 U.S.C. § 1367 as to Plaintiff's state law claims.

2.      Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

## <u>STANDING</u>

3.      Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

1

4.      Specifically Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any false statements and false threats. *E.g. Genova v. IC Sys., Inc.*, No. CV 16-5621, 2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

5.      Plaintiff has also suffered an injury as a result of Defendants' invasion of her privacy, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6.      Plaintiff, Brenda Duarte ("Plaintiff"), is a resident of the State of Illinois, from whom Defendants attempted to collect a balance from a defaulted Fifth Third Bank N.A. checking account.  Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA and 815 ILCS §505/1(e) of the ICFA. Plaintiff is a "debtor" as that term is defined in 225 ILCS 425/2 of the ICAA.

7.      Fifth Third Bank, N.A. ("Fifth Third") is a national banking institution organized under the laws of the United States.  Its headquarters are located in Cincinnati, Ohio. (Exhibit A, Record from the Ohio Secretary of State).

8.      Fifth Third does or transacts business with consumers in Illinois.

9.     Fifth Third is engaged in "commerce" as defined by §505/1(f) of the IFCA as it provides financial services, which are activities within the stream of commerce and utilized in their regular course of business.

10.     The Roth Morgan Firm Corp ("RMF"), is a Florida corporation with its principal place of business located at 37 North Orange Ave., Suite 500, Orlando, Florida. (Exhibit B, Record from the Florida Secretary of State).

11.     RMF attempts to collect debts from consumers in Illinois but does not hold a valid collection license in the State of Illinois.

12.     RMF is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts. Thus, RMF is a "debt collector" as that term is defined at § 1692a of the FDCPA.

13.     RMF is a "collection agency" as defined by 225 ILCS 425/2, because it regularly, on behalf of others, engages in the collection of a debt in the ordinary course of business.

14.     RMF is engaged in "commerce" as defined by 815 ILCS §505/1(f) as it specializes in debt collection, which is an activity within the stream of commerce and utilized in their regular course of business.

## INTRODUCTION

15.     WHEREAS Fifth Third engages in a pattern and practice collecting debts from consumers in Illinois by using out of state debt collectors that are not licensed in Illinois, that post no collection bond in Illinois, and that effectively remain out of reach from any enforcement actions by Illinois consumers under various state and federal consumer protection statutes;

16.     WHEREAS Fifth Third uses these debt collectors because, by remaining out of reach of any enforcement actions, they can engage in unlawful practices, including but not

limited to, collecting debts discharged in bankruptcy, making false threats and harassing Illinois consumers;

17.    WHEREAS a nationally chartered bank, such as Fifth Third, has an obligation to engage in lawful activity and to use licensed collection agencies who conduct themselves within the confines of the law, Plaintiff alleges:

## FACTUAL ALLEGATIONS

18.    According to Defendants, Plaintiff incurred an alleged debt for goods and services used for personal, family, or household purposes, originally for a Fifth Third checking account. ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

19.    Due to her financial circumstances, Plaintiff could not pay any alleged debts, and the alleged debt went into default.

20.    On October 30, 2013, Plaintiff filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court, Northern District of Illinois, in a matter styled *In re: Brenda Duarte,* No. 13-42432. The petition was subsequently converted to Chapter 7. Included in the bankruptcy, was the alleged debt owed to Fifth Third.

21.    On July 9, 2014, the Bankruptcy Court entered an Order of Discharge in Plaintiff's bankruptcy case of all dischargeable debts, including the alleged debt owed to Fifth Third.  (Exhibit C, Order of Discharge and Certificate of Notice of Discharge).

22.    The Order of Discharge states:

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged

debt from the debtor. [In a case involving community property: There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

23.     On July 11, 2014, notice of the bankruptcy discharge was sent to Fifth Third via its assignee, National Account Services, by the Court's Bankruptcy Noticing Center. *See* Exhibit C.

24.     Fifth Third therefore had notice of Plaintiff's bankruptcy.

25.     Pursuant to 11 U.S.C. § 524, the Order of Discharge invoked the protections of the discharge injunction prohibiting any acts to collect upon the consumer debt by Fifth Third, or any other its successors or assigns.

26.     On July 14, 2014, Plaintiff's bankruptcy case closed and the Trustee was discharged.

27.     Fifth Third received notice of the Plaintiff's bankruptcy discharge on or about July 9, 2014, and despite having actual knowledge of the status of this debt, it transferred or otherwise assigned the alleged debt to RMF for the purposes of collection.

28.     On or about January 24, 2017, over two and a half years after the bankruptcy discharge, RMF sent Plaintiff a letter attempting to collect on the alleged Fifth Third account. (Exhibit D, RMF Collection Letter) (the "Letter").

29.     RMF's Letter conveyed information regarding the alleged debt, including an account number, charge-off date, the identity of the original creditor, Fifth Third, and a total balance due on the alleged debt.

30.     The Letter was a "communication" as defined by §1692a(2) of the FDCPA.

31.     RMF's Letter stated that $369.72 was due and owing from Plaintiff.

32.     Plaintiff's personal liability on the alleged Fifth Third debt was terminated after her bankruptcy discharge.

33.     Pursuant to 11 U.S.C. §524(a)(2), a bankruptcy discharge order "operates as an injunction" against acts to collect discharged debts.

34.     "Section 524(a)(2) enjoins an act to collect a discharged debt, so a creditor that attempts to collect a discharged debt is in contempt of the bankruptcy court that issued the order of discharge." *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 915 (7th Cir. 2001).

35.     Punitive damages may be awarded for violations of the bankruptcy discharge, and are especially appropriate when a party acts in "clear disregard and disrespect of the bankruptcy laws." *In re Vazquez,* 221 B.R. 222, 231 (Bankr. N.D. Ill.1998). Punitive damages of four to ten times the amount of compensatory damages may be appropriate for willful violations of the bankruptcy injunction. *Id*.

36.     Fifth Third violated the discharge injunction by willfully transferring the alleged debt with actual knowledge of the discharged status of the account.

37.     Fifth Third's conduct was willful and wanton when it transferred the Plaintiff's account information regarding the discharged debt to RMF for collection purposes.

38.     As a national banking corporation, Fifth Third should have procedures in place to prevent willful and wanton violations of the Bankruptcy Code.

39.     Fifth Third's conduct demonstrates that it has no such system in place to protect the rights of consumers protected by the Bankruptcy Code.

40.     Fifth Third's egregious conduct warrants punitive damages to deter future conduct of a similar nature.

41.     815 ILCS 505/2 of the ICFA states:

> **"Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby."**

42. Defendant Fifth Third violated 815 ILCS 505/2 by engaging in a pattern or practice of hiring an unlicensed and out of reach debt collector to induce Illinois consumers to may payments on accounts, to which no liability is owed.

43. Attempting to collect debts which are legally not collectable by virtue of bankruptcy discharge is an unfair and deceptive business practice willfully employed by Fifth Third to maximize its profits at the expense of Illinois consumers.

44. Such a practice is deceptive and states a claim under most states' Unfair and Deceptive Acts and Practices (UDAP) statutes, including that of Illinois. See generally § 10.3, infra; National Consumer Law Center, Unfair and Deceptive Acts and Practices §§ 2.2.2, 6.7.5, 6.10, 6.12, 6.13 (9th ed. 2017), updated at www.nclc.org/library; National Consumer Law Center, Federal Deception Law § 2.3 (3d ed. 2017), updated at www.nclc.org/library.

45. RMF used false pretenses and misleading communications to attempt to collect a debt that was not legally collectable at the time the demands for payment were made.

46. In fact, both Defendants have been previously sued for the same unlawful conduct in this district. *E.g Kaemmerer v. Fifth Third Bank, N.A. and The Roth Morgan Firm, Corp.*, No. 1:17-cv-03720 (N.D. Ill. May 18, 2017).

47. Further, in *Badal v. The Roth Morgan Firm Corp*, a default judgment was entered against RMF, which has yet to be satisfied. No.1:17-cv-02482, ECF No.15 (N.D. Il. Jul. 12, 2017)

48.    The ICFA further states:

"Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

49.    An award of punitive damages is appropriate because Defendants' conduct described above was egregious, willful and wanton, showed a reckless disregard for the rights of Plaintiff and consumers, generally, as Plaintiff was told that she stills owed the debt, leading her to believe that his bankruptcy had no legal effect.

50.    Such unfair and deceptive conduct is harmful to Illinois consumers as it can result in Illinois consumers paying debts that are not owed.

51.    15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (2) The false representation of—**

     **(A) the character, amount, or legal status of any debt; or…**

**. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken…**

**. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

52.    RMF misrepresented that an alleged debt was immediately owed, and took an action that it was not permitted to take, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), and 1692e(10) when it sought to collect from Plaintiff a debt from which Plaintiff's liability was discharged in bankruptcy.

53.     A demand for immediate payment from a debtor while a debtor is in bankruptcy (or after the debt's discharge) is "false" in the sense that it asserts that money is due, although, because of the automatic stay (11 U.S.C. § 362) or the discharge injunction (11 U.S.C. § 524), it is not. *Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004) (analyzing a listed debt from the perspective of the debtor).

54.     225 ILCS 425/9 of the ICAA prohibits the following:

> **. . . (24) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . .**
>
> **. . . (33) Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt unless such interest or other charge or fee is expressly authorized by the agreement creating the debt unless expressly authorized by law or unless in a commercial transaction such interest or other charge or fee is expressly authorized in a subsequent agreement. . . .**

55.     Defendant RMF attempted to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist, in violation of 225 ILCS 425-9 of the ICAA when it sought to collect an alleged debt from Plaintiff after the debt had been discharged in bankruptcy.

56.     A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

57.     In fact, statutes providing for administrative remedies (e.g. the revocation of a license, etc.) imply civil rights of action in Illinois. *Trull v. GC Servs. Ltd. P'ship*, 961 F. Supp. 1199, 1206 (N.D. Ill. 1997).

58.     Plaintiff believed that that her alleged debts had been placed under the protection of the bankruptcy court. As a result of Defendants' actions, Plaintiff experienced feelings of frustration and aggravation.

59.     Due to Defendants' actions, Plaintiff felt feelings of hopelessness, annoyance, aggravation, and other feelings of garden variety emotional distress.

60.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—VIOLATION OF THE DISCHARGE INJUNCTION- FIFTH THIRD & RMF

61.     Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

62.     Defendants violated the bankruptcy discharge injunction (11 U.S.C. §524(a)(2)) by willfully Fifth Third transferring the alleged debt to RMF for collection, with actual knowledge of the discharged status of the alleged debt.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant Fifth Third as follows:

   A.     Hold Defendant in civil contempt of the Order or Discharge pursuant to 11 U.S.C. §§524 and 105;

   B.     Order Defendant to pay Plaintiff for her actual damages in an amount to be determined by the court as a result of the civil contempt of the Order of Discharge pursuant to 11 U.S.C. §§524 and 105;

   C.     Order Defendant to pay punitive damages in an amount to be determined by the court for the civil contempt of the Order of Discharge pursuant to 11 U.S.C. §§524 and 105;

   D.     Order Defendant to pay Plaintiff her reasonable legal fees and expenses for violations of the Order of Discharge pursuant to 11 U.S.C.; §§524 and 105; and

   E.     Provide such other and further relief as the Court may deem just and proper.

## COUNT II—ILLINOIS CONSUMER FRAUD AND DECPTIVE BUSINESS PRACTICES ACT- FIFTH THIRD AND RMF

63.     Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

64. Defendants violated the ICFA by unfairly and deceptively attempting to induce Plaintiff to make payments notwithstanding her bankruptcy discharge in violation of 815 ILCS 505/2.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendants as follows:

    A.    Actual and punitive damages;

    B.    Reasonable Attorney's fees and Costs pursuant to 815 ILCS 505/10a(c);

    C.    Such other or further relief as the Court deems proper.

### COUNT III—FAIR DEBT COLLECTION PRACTICES ACT- RMF

65. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

66. RMF misrepresented that an alleged debt was immediately owed, and took an action that it was not permitted to take, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), and 1692e(10) when it sought to collect from Plaintiff a debt from which Plaintiff's liability was discharged in bankruptcy.

WHEREFORE, Plaintiff requests that this Court enter judgment in her favor and against Defendant RMF as follows:

    A.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    B.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    C.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

    D.    Such other or further relief as the Court deems proper.

### COUNT IV—ILLINOIS COLLECTION AGENCY ACT—RMF

67. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

68. Defendant RMF attempted to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist, in violation of 225 ILCS 425-9 of the ICAA

11

when it attempted to collect an alleged debt from Plaintiff after the debt had been discharged in

bankruptcy.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of

Plaintiff and against Defendant RMF as follows:

A.      Compensatory and punitive damages;

B.      Costs; and

C.      Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.


By: s/Celetha C. Chatman_____
              Celetha C. Chatman

Michael Wood
Celetha Chatman
Holly McCurdy
Sarah Barnes
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 476-1362
cchatman@communitylawyersgroup.com